UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CARL JOE SMITH (#319034)

VERSUS                                                           CIVIL ACTION

LOUISIANA STATE PRISON, ET AL.                   NUMBER 13-747-SDD-SCR

### RULING

*Pro se* Plaintiff, an inmate confined at Louisiana State Penitentiary, Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Louisiana State Prison and Louisiana Department of Public Safety and Corrections Secretary James LeBlanc. Plaintiff alleged that, beginning in September 2013, while housed on Ward 2 of the prison infirmary, over 50 inmates, nurses and corrections officers concealed a device in their hand or pocket that emitted offensive odors which they directed at him. Plaintiff alleged that the fumes from the device rendered him unconscious and caused him to urinate on himself. Plaintiff alleged that he was given emergency medical treatment after the incident.

Subsection (c)(1) of 42 U.S.C. § 1997e provides the following:

> (c) Dismissal.--(1) The court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.

The Court must accept as true the Plaintiff's allegations and may not dismiss the *Complaint* for failure to state a claim unless it appears beyond doubt that the Plaintiff

cannot prove any set of facts in support of his claim which would entitle him to relief.[1]

In an action proceeding under § 1915, this Court may consider, *sua sponte*, affirmative defenses that are apparent from the record even where they have not been addressed or raised by the parties.[2]

Section 1997e of Title 42 of the United States Code provides in pertinent part as follows:

> (a) Applicability of Administrative Remedies.--No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

Under 42 U.S.C. § 1997e(a), a prisoner must exhaust available administrative remedies before filing a § 1983 suit and is precluded from filing suit while the administrative *Complaint* is pending.[3] A prisoner must exhaust his administrative remedies by complying with applicable prison grievance procedures before filing a suit related to prison conditions.[4] Not only must the prisoner exhaust all available remedies, but such exhaustion must be proper, including compliance with an agency's deadlines and other critical procedural rules.[5] Because § 1997e(a) expressly requires exhaustion, prisoners may not

---

[1] *Boudeloche v. Grow Chemical Coatings Corp.*, 728 F. 2d 759 (5th Cir. 1984).

[2] *Ali v. Higgs*, 892 F.2d 438 (5th Cir. 1990).

[3] *Clifford v. Gibbs*, 298 F.3d 328, 332 (5th Cir. 2002); *Underwood v. Wilson*, 151 F.3d 292, 296 (5th Cir. 1998), abrogated in part by *Jones v. Bock*, 549 U.S. 199, 127 S.Ct. 910 (2007) (abrogating the holding that a district court may dismiss a civil complaint *sua sponte* for failure to exhaust); *Wendell v. Asher*, 162 F.3d 887, 891 (5th Cir. 1998); *Harris v. Hegmann*, 198 F.3d 153, 157 (5th Cir. 1999).

[4] *Johnson v. Johnson*, 385 F.3d 503, 514 (5th Cir. 2004).

[5] *Woodford v. Ngo*, 548 U.S. 81, 90, 126 S.Ct. 2378, 2386 (2006).

deliberately bypass the administrative process by flouting an agency's procedural rules.[6] The § 1997e(a) exhaustion requirement is mandatory, irrespective of the forms of relief sought and offered through administrative avenues.[7] A court can dismiss a case prior to service on defendants for failure to state a claim, predicated on failure to exhaust, if the complaint itself makes clear that the prisoner failed to exhaust.[8]

Plaintiff filed his *Complaint* on November 19, 2013. Plaintiff alleged in his pleading that he spoke to corrections officers regarding his safety concerns but did not allege that he filed an Administrative Remedy Procedure ("ARP"). Plaintiff supplemented his *Complaint* with an affidavit in which he stated that on November 27, 2013, he filed an ARP regarding the claims raised in the Complaint.[9]

In accordance with the Adult Administrative Remedy Procedures, an inmate commences the process by writing a letter to the warden in which he briefly sets out the basis for his claim and the relief sought.[10] The request shall be screened by the ARP screening officer and a notice will be sent to the inmate advising that his request is being processed or is rejected.[11] The warden shall respond to the inmate within 40 days from the date the request is received at the first step.[12] An inmate who is dissatisfied with the first

---

[6] *Id.*, 126 S.Ct. at 2389-90.

[7] *Days v. Johnson*, 332 F.3d 863, 866 (5th Cir. 2003).

[8] *Carbe v. Lappin*, 492 F.3d 325, 328 (5th Cir. 2007).

[9] Rec. Doc. 6.

[10] La. Admin. Code tit. 22, pt. I § 325(G)(1)(a).

[11] *Id.*

[12] *Id.*

step response may appeal to the secretary of the Department of Public Safety and Corrections by so indicating in the appropriate space on the response form and forwarding it to the ARP screening officer within five (5) days of receipt of the decision.[13] A final decision will be made by the secretary and the inmate will be notified within forty-five (45) days of receipt.[14]

Under the Fifth Circuit's strict approach to the Prison Litigation Reform Act's exhaustion requirement, mere "substantial compliance" with administrative remedy procedures does not satisfy exhaustion.[15]

It is apparent on the face of the *Complaint* that the Plaintiff failed to exhaust available administrative remedies regarding the claims raised in the *Complaint* prior to filing suit, as required by 42 U.S.C. § 1997e(a).

Plaintiff's *Complaint* shall be dismissed without prejudice for failure to exhaust available administrative remedies pursuant to 42 U.S.C. § 1997e(a), and with prejudice to refiling the *Complaint in forma pauperis*.[16]

*Judgment* shall be entered accordingly.

Baton Rouge, Louisiana, the __3__ day of December, 2013.

SHELLY D. DICK, DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA

---

[13] *Id.* at § 325(G)(2)(a).

[14] *Id.*

[15] *See Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001).

[16] *Underwood v. Wilson*, 151 F.3d at 296.

4